Mr. Justice Scott delivered the opinion of the Court. The motion in this case is for a rule to show cause why the judgment shall not be affirmed. The certificate is in the usual form except that, instead of recognizance having been entered into, which, under the statute, would have operated as a super-sedeas, the record shows that the parties agreed, in effect, that this might be dispensed with, and that the appeal should so operate, and that the Court below ordered accordingly. It is clear that the recognizance was designed to secure the appellee, and was provided for his benefit alone. It was, therefore, compe-« tent for him to waive this provision of the statute in his favor. Let the. rule go. The doctrine we have laid down in this case conflicts, in principle, as we conceive, with Brodie et al. vs. Whitfield, (2 Eng. R. 514,) where the Court dismissed that case, and the case of Hubbard vs. Welch, because no affidavit for the appeal was in fact made, although the records show that the parties in these cases entered their consent of record that the appeal might be granted “ without the affidavit as required by law.” This provision was also designed for the benefit exclusively of the appellee, and he therefore could rightfully waive it. We know that consent cannot confer jurisdiction of the subject matter: but that rule of law has no application here. The jurisdiction of this Court is from the constitution, not from any action in the Circuit Court: the regulation of the statute confers none, but only restricts its exercise. Such regulations as are designed exclusively for the benefit of the appellee, may be waived by him.